| | |
|---|---|
| 1 | RICHARD C. COFFIN (State Bar No. 70562); rcc@bcltlaw.com |
| 2 | J. THOMAS BOER (State Bar No. 199563); jtb@bcltlaw.com |
|   | LAURA S. BERNARD (State Bar No. 197556); lsb@bcltlaw.com |
| 3 | BARG COFFIN LEWIS & TRAPP, LLP |
|   | 350 California Street, 22nd Floor |
| 4 | San Francisco, California 94104-1435 |
|   | Telephone: (415) 228-5400 |
| 5 | Fax: (415) 228-5450 |
| 6 | Attorneys for Plaintiff |
|   | SCHLUMBERGER TECHNOLOGY CORPORATION, INC. |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION, Inc., a Texas corporation<br><br>Plaintiff,<br><br>v.<br><br>EAST CHARLESTON, INC., a California corporation; PACIFIC AMERICAN MANAGEMENT COMPANY, a California Limited Liability Corporation,<br><br>Defendants.<br><br>AND RELATED ACTIONS | Case No. C 11-02587 LHK<br><br>[PROPOSED] CASE MANAGEMENT ORDER NO. 2 |

Plaintiff Schlumberger Technology Corporation ("STC"), defendants East Charleston, Inc. ("ECI") and Pacific American Management Company ("PAMCO"), and third party defendant Fairchild Semiconductor Corporation (collectively "Parties") submit the following proposed Case Management Order No. 2, consistent with the Parties' position in the Rule 26 Report and pursuant to the Court's orders at the November 22, 2011 Case Management Conference and in the November 22, 2011 Minute Order and Case Management Order.

## I. Discovery

### A. Production of Documents, Including ESI

The Parties have agreed that each party producing documents in this case will produce a CD/DVD containing a digitized, searchable (i.e., optical character recognition) version of the documents, imaged in single page TIFF format with document unitization and with industry-standard load files such as Opticon or IPRO LFP format with a delimited text file to indicate where each document starts and stops. All documents produced by any party will be numbered sequentially. Each party will choose a Bates prefix, consisting of uppercase letters, to be listed before the Bates number for each document produced by that party. The image filename will correspond with its Bates number.

The requirement to produce a digitized version of documents in TIFF format will not apply to documents with a native format that prohibits printing on standard size paper (e.g., audio, video, or oversized documents such as maps) or are requested in their native format (e.g., Excel spreadsheets, AutoCAD, MODFLOW). Such documents will be produced in their native format. The image filename of files produced in native format will correspond with the respective assigned Bates numbers. Production of documents in native format does not preclude a party from also producing those documents in TIFF format marked with Bates numbers if its elects to do so.

Standard documents such as e-mails, word processing documents, or hard copy documents that have otherwise been collected in electronic form (e.g., in ZIP files) will be produced in the TIFF, Bates-numbered format, as described above, absent a particular need for these documents in their original format.

The provisions of this section do not apply to documents received from third parties (including public agencies) or expert witnesses, to the extent such documents are produced.

### B. Privilege Issues

#### 1. Privilege Logs

In the event that any party withholds documents on the basis of privilege, that party will produce a privilege log listing the author, all known recipients, the date, a brief description of the

document, and the privilege claimed.  The log must be served no later than 30 days from the date of the document production to which the privilege log applies.

Any challenge to the privilege log must be filed and served within 45 days after the production of the privilege log.

The privilege log need not list: 1) confidential communications between a party and its counsel regarding this action; 2) confidential work product created by or at the request of counsel for any of the parties in connection with this action; 3) confidential communications between a party and its non-designated consultants regarding this action; 4) confidential communications between a party and its designated expert pursuant to Rule 26; or 5) communications or documents related to any mediation process.  These exceptions will not apply to any public or non-confidential documents or to documents that were disclosed to a third party (other than those noted above) in addition to counsel.

### 2. Inadvertent Production

Documents that contain privileged information will be immediately returned to the producing party if the document appears on its face to have been inadvertently produced or if there is a notice from the producing party of the inadvertent production of privileged or work product information.  The receiving party will not disclose or use in any manner the inadvertently disclosed privilege information.

## II. Confidentiality/Protective Order

The Parties shall follow Federal Rule of Civil Procedure 26(c) with the respect to the issuance of any protective orders necessary for this matter.

## III. Dispositive Motions

The section titled "Dispositive Motions" in the November 22, 2011 Minute Order and Case Management Order shall be changed to reflect the Court's order at the November 22, 2011 Case Management Conference as follows:

Dispositive Motions shall be filed no later than January 31, 2013, and set for hearing no later than March 7, 2013 at 1:30 p.m.  Each side is limited to one summary judgment motion if to be heard on March 7, 2013.  Each side is limited to filing one additional summary judgment

1  motion or partial summary judgment motion prior to the January 31, 2013 filing deadline.

2

3  DATED: December 1, 2011      BARG COFFIN LEWIS & TRAPP, LLP

4  By: /s/ Laura S. Bernard
Attorneys for Plaintiff
5  Schlumberger Technology Corporation, Inc.

6

7  DATED: December 1, 2011      BARG COFFIN LEWIS & TRAPP, LLP

8

9  By: /s/ Laura S. Bernard
Attorneys for Third Party Defendant
Fairchild Semiconductor Corporation

10 DATED: December 1, 2011      GREBEN & ASSOCIATES

11

12 By: /s/ Jan A. Greben
JAN A. GREBEN
13 JEFF COYNER
DANIELLE DE SMETH
14 Attorneys for Defendant
East Charleston, Inc.

15 DATED: December 1, 2011      GREBEN & ASSOCIATES

16

17 By: /s/ Jan A. Greben
JAN A. GREBEN
18 JEFF COYNER
DANIELLE DE SMETH
19 Attorneys for Defendant
Pacific American Management Company

20

21

22 **IT IS SO ORDERED.**

23 Dated: December _; _____, 2011      /s/ Lucy H. Koh
LUCY H. KOH
24
United States District Judge
25

26

27

28

[PROPOSED] CASE MANAGEMENT ORDER NO. 2
Case No. C 11-02587 PSG

4

924322.2