1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION, Inc., a Texas Corporation,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>EAST CHARLESTON, INC., a California )<br>Corporation; PACIFIC AMERICAN )<br>MANAGEMENT COMPANY, a California )<br>Limited Liability Corporation,  )<br>)<br>Defendants.  )<br>──────────────────────────────  )<br>)<br>AND RELATED ACTIONS  )<br>──────────────────────────────  ) | Case No.: 11-CV-02587-LHK<br><br>ORDER GRANTING MOTION TO INTERVENE |

Before the Court is Great American Insurance Company of New York's ("Great American") Motion for Leave to Intervene ("Motion to Intervene") in the above titled action. The Motion to Intervene is unopposed.[1] Pursuant to Civil Local Rule 7-1(b), the Court deems Defendants' motion suitable for decision without oral argument. The hearing date of April 26, 2012 is hereby VACATED.

Great American seeks to intervene in this action on behalf of Third Party Defendant Advalloy, Inc. Advalloy is a suspended California Corporation and therefore has no right to

---

[1] Four of the parties to this action filed Statements of Non-Opposition to Great American's Motion: East Charleston, Inc., Pacific American Management Company, Schlumberger Technology Corporation, and Fairchild Semiconductor Corporation. *See* ECF Nos. 42-43. Although Third Party Defendants Edward and Gladys Schlager have not responded to the motion, the deadline to respond with an opposition has passed. *See* Civil L.R. 7-3(a). Therefore, the Court deems this motion unopposed.

1

Case No.: 11-CV-02587-LHK
ORDER GRANTING MOTION TO INTERVENE

**United States District Court**
For the Northern District of California

1    participate in this litigation.  *See* Fed. R. Civ. P. 17(b) ("The capacity of a corporation to sue or be

2    sued shall be determined by the law under which it is organized."); *Palm Valley Homeowners'*

3    *Association, Inc. v. Design MTC*, 85 Cal. App. 4th 553, 559-562 (2000) (a suspended corporation

4    has no right to participate in litigation under California law).  Great American issued a liability

5    policy to Advalloy and is defending Advalloy pursuant to that policy.

6           Federal Rule of Civil Procedure 24(a)(2) requires that a court permit anyone to intervene

7    who "claims an interest relating to the property or transaction that is the subject of the action, and

8    is so situated that disposing of the action may as a practical matter impair or impede the movant's

9    ability to protect its interest, unless existing parties adequately represent that interest."  In

10   determining whether a party may intervene, the Ninth Circuit has identified four factors:

11
        (1) the applicant's motion must be timely; (2) the applicant must assert an interest relating
12      to the property or transaction which is the subject of the action; (3) the applicant must be so
        situated that without intervention the disposition of the action may, as a practical matter,
13      impair or impede his ability to protect that interest; and (4) the applicant's interest must be
        inadequately represented by the other parties.
14
*United States v. State of Oregon*, 839 F.2d 635, 637 (9th Cir. 1988).
15
           Great American meets the requirements for intervention as a matter of right.  Advalloy was
16
     served with the summons and Third Party Complaint on September 22, 2011.  Great American
17
     filed this motion on January 13, 2012, relatively early in this litigation.  Great American has an
18
     interest in the underlying litigation as Advalloy's insurer.  Moreover, a disposition in this case
19
     without Great American could adversely impact its ability to protect its interests.  Finally, because
20
     Advalloy cannot participate in this litigation, there is no other party that will adequately represent
21
     Great American's interests.  Accordingly, Great American's motion to intervene is GRANTED.
22
     Great American shall file its proposed Answer, Counterclaims, and Cross Claims on behalf of
23
     Advalloy, attached as Exhibits A-C to its Motion to Intervene by **Monday, February 6, 2012**.
24
     **IT IS SO ORDERED.**
25
     Dated: February 2, 2012
26
                                                          LUCY H. KOH
27                                                        United States District Judge
28

2

Case No.: 11-CV-02587-LHK
ORDER GRANTING MOTION TO INTERVENE