RICHARD C. COFFIN (State Bar No. 70562); rcc@bcltlaw.com
J. THOMAS BOER (State Bar No. 199563); jtb@bcltlaw.com
LAURA S. BERNARD (State Bar No. 197556); lsb@bcltlaw.com
BARG COFFIN LEWIS & TRAPP, LLP
350 California Street, 22nd Floor
San Francisco, California 94104-1435
Telephone: (415) 228-5400
Fax: (415) 228-5450

Attorneys for Plaintiff
SCHLUMBERGER TECHNOLOGY CORPORATION, INC.
and Third Party Defendant
FAIRCHILD SEMICONDUCTOR CORPORATION

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION, Inc., a Texas corporation<br><br>Plaintiff,<br><br>v.<br><br>EAST CHARLESTON, INC., a California corporation; PACIFIC AMERICAN MANAGEMENT COMPANY, a California Limited Liability Corporation<br><br>Defendants.<br><br>AND RELATED ACTIONS | Case No. C 11-02587 LHK<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |

Plaintiff Schlumberger Technology Corporation ("STC"), defendants East Charleston Inc. ("ECI") and Pacific American Management Company ("PAMCO") and cross-defendant Fairchild Semiconductor Corporation ("Fairchild") (collectively, the "Parties") hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order"). The Parties agree that good cause exists to enter into the Protective Order to address the production of confidential, proprietary and private information in this action (the "Action") in order to prevent the disclosure of such information in a manner that would compromise or injure the business interests of the Parties.

It is hereby ORDERED as follows:

1. <u>Purpose.</u>  This Protective Order will be applicable to and govern all documents, depositions, information or things produced by a Party or third party in connection with this litigation in response to requests for production of documents, requests for inspections of things, answers to interrogatories, responses to requests for admissions, answers to deposition questions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence, and other information (hereinafter, "Discovery Material") that the disclosing party designates as "Confidential Information."

2. <u>Confidential Information.</u>  For the purpose of this Protective Order, "Confidential Information" includes all non-public information or matter related to: confidential financial data; corporate acquisition, merger or reorganization documents; proprietary technical information and specifications; current or future business and marketing information, plans, and strategies; studies or analyses by internal or outside experts; confidential information regarding assets and liabilities; confidential personnel information; or other commercially or personally sensitive or proprietary information.  Notwithstanding the foregoing, Confidential Information shall not mean information or documents produced or disclosed that are or become, without violating this Protective Order, a matter of public record or publicly available by law or otherwise.  Any Discovery Material designated as "Confidential Information," whether such information is provided orally or by a document or in electronic form, shall be maintained as set forth in the Protective Order, and shall not be disclosed to any person or entity, except as permitted in the Protective Order.

3. <u>Designation of Confidential Information.</u>

   a. A Party (or, if applicable, non-party) designating Discovery Material as "Confidential Information" shall be referred to for purposes of this Protective Order as the "Designating Party."  Any Party (or, if applicable, non-party) receiving Discovery Material designated as "Confidential Information" shall be referred to for purposes of this Protective Order as the "Receiving Party."

///

      b.      Counsel for any Designating Party may designate any Discovery Material as "Confidential Information" under the terms of this Protective Order only if such counsel in good faith believes that such Discovery Material contains such information and is subject to protection under Federal Rule of Civil Procedure 26(c). The designation by any Designating Party of any Discovery Material as "Confidential Information" will constitute a representation that an attorney for the Designating Party reasonably believes there is a valid basis for such designation.

      c.      Any non-party to this Action may designate any Discovery Material produced by it, whether pursuant to subpoena or by agreement, as "Confidential Information" pursuant to the terms of this Protective Order, upon such non-party's execution of a Declaration of Compliance with this Protective Order substantially in the form attached to this Protective Order as Exhibit A.

      d.      All Discovery Material, whether or not filed or lodged with the Court, that a Designating Party contends constitutes "Confidential Information" shall be designated by the Designating Party as follows:

      i.      Documents or other tangible Discovery Material shall, at the time of their production, be designated by stamping or labeling the same with the legend "Confidential Information" on each page of a document or material containing such information.

      ii.      Deposition testimony shall be designated "Confidential Information" (i) at the taking of the deposition by a statement on the record, by counsel at the time of such disclosure, or (ii) by written notice sent to counsel of record for all Parties within seven (7) business days after receiving a copy of the final, hard copy transcript thereof, identifying the specific pages thereof designated as "Confidential Information." In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential Information" be affixed to the portions of the original and all copies of the transcript. The Parties may modify this procedure for any particular deposition through agreement on the record at such depositions without further order of the Court.

///

       iii.    Non-documentary and non-testimonial material, such as oral statements, shall be designated as "Confidential Information" at the time of disclosure and promptly confirmed in writing.

    e.    Inadvertent failure to designate Discovery Material as "Confidential Information" shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Discovery Material as "Confidential Information." The Party receiving such supplemental written notice shall thereafter mark and treat materials so designated as "Confidential Information" and such materials shall be fully subject to this Protective Order as if they had been initially so designated. A person disclosing Discovery Material that is subsequently designated as "Confidential Information" shall in good faith assist the Designating Party in retrieving such Discovery Material from all recipients not entitled to receive such Discovery Material under the terms of this Protective Order and prevent further disclosures except as authorized under the terms of this Protective Order.

4.    <u>Use of Confidential Information.</u>

    a.    Except as the Designating Party or its counsel may otherwise agree in writing, or as the Court may otherwise order, all Discovery Material marked or otherwise identified as "Confidential Information" and received by any Receiving Party pursuant to this Protective Order: (a) shall be disclosed only to such persons and in such manner as set forth in this Protective Order; (b) shall be used solely for the purposes of preparation for trial and trial of and/or appeal from this Action only; and (c) shall not be used by the Receiving Party for any other purposes, including, without limitation, any business or commercial purpose. The prohibitions on the use of Confidential Information as set forth in this Protective Order shall survive the termination of this Action.

    b.    Counsel for a Receiving Party may disclose or make available any Discovery Material designated as "Confidential Information" and/or any information derived from such Discovery Material only to the following persons:

    i.    Counsel to the Parties in this Action (outside counsel, of counsel, and in-house counsel, including members of the outside counsel firms, associate

attorneys, contract attorneys, paralegals, secretarial staff, clerical and other regular or temporary employees);

        ii.    Consultants and vendors of such Counsel to the Parties (including trial consultants, jury consultants, and service vendors such as outside copying services, outside litigation support services, translations services or graphics, design, or document handling services/consultants retained in connection with this Action for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings and excluding consulting or testifying subject-matter experts);

        iii.    The Parties and directors or employees of the Parties assisting counsel for the purposes of this Action;

        iv.    Witnesses or deponents (other than witnesses and deponents otherwise covered by (iii) above), and their counsel, during the course of and, only to the extent necessary, in preparation for depositions or testimony in this Action;

        v.    Retained experts and expert consultants assisting counsel for the Parties in this Action, and only to the extent necessary for the expert or expert consultant to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of this Action;

        vi.    Court reporters, videographers and stenographers employed for taking depositions;

        vii.    Any other person only upon order of the Court or upon stipulation of the Designating Party; and

        viii.    The Court and its staff and administrative personnel and any essential personnel retained by the Court.

        The Parties shall take all reasonable and necessary measures to ensure that the persons described in paragraphs 4(ii) through (vii) above do not view any Confidential Information unless and until such persons have executed a Declaration of Compliance substantially in the form attached to this Protective Order as Exhibit A;

///

   c. This Protective Order has no effect upon, and shall not apply to, the Parties' use of their own Confidential Information for any purpose or impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated "Confidential Information" if such documents, materials, or information were both lawfully obtained by and lawfully retained in the possession of such Party independently of the discovery proceedings in this Action.

  5. <u>Filing Confidential Information.</u>  A Party or non-party that seeks to file under seal any "Confidential Information" must comply with the applicable procedures of this Court.

  6. <u>Challenge to Confidentiality Designation.</u>  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the Designating Party discloses the designation.

   a. A Receiving Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Receiving Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Receiving Party may proceed to the next stage of the challenge process only if it first has engaged in this meet and confer process.

   b. A Receiving Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion in compliance with all applicable Federal and Local rules that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding subparagraph and that (to the extent possible) sets forth with specificity the justification for the confidentiality designation that was given by

Case No. C 11-02587 LHK

6

943213.1

the Designating Party in the meet and confer dialogue.

      c.    The burden of proof in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party' designation. This provision applies only to challenge proceedings, and shall not be construed to affect the burden of proof for a motion to seal.

      7.    <u>Additional Parties.</u> In the event additional persons or entities become Parties to this Action, none of such Parties' counsel, experts or expert consultants retained to assist said counsel, shall have access to Confidential Information produced by or obtained from any Designating Party until said Party has executed and filed with the Court its agreement to be fully bound by this Protective Order.

      8.    <u>Modification.</u> It is the present intention of the Parties that the provisions of this Protective Order shall govern discovery in this Action, but each of the Parties to this Protective Order shall be entitled to seek modification of this Protective Order, or relief from it, by application to the Court on notice to the other Parties here.

      9.    <u>Duration.</u> The provisions of this Protective Order shall, absent written permission of the Designating Party or further order of the Court, continue to be binding throughout and after the conclusion of this Action, including without limitation any appeals in this Action. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, including the exhaustion of all permissible appeals, all persons and entities having received "Confidential Information" Discovery Material, shall either make a good faith effort to return such material and all copies thereof (including summaries and excerpts) to counsel for the Designating Party or destroy all such "Confidential Information" Discovery Material and copies thereof (including summaries and excerpts) and certify that fact to counsel for the Designating Party. Outside counsel for the Parties shall be entitled to retain all filings, court papers, deposition and trial transcripts, deposition and trial exhibits, and attorney work product (regardless of whether such materials contain or reference Discovery Materials designated as "Confidential Information" by any Designating Party), provided that such outside

counsel, and employees and agents of such outside counsel, shall not disclose any Confidential Information contained or referenced in such materials to any person except pursuant to court order or agreement with the Designating Party. All materials, if any, returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph. This Court shall have continuing jurisdiction to enforce the terms of this Protective Order, including without limitation during any appeals in this Action.

10.   <u>Legal Obligations.</u>  If any person receiving Discovery Material covered by this Protective Order (the "Receiving Party") is: (a) subpoenaed in or (b) served with a demand in another action to which he, she or it is a party, or (c) served with any other legal process by one not a party to this Action seeking Discovery Material that was produced or designated as "Confidential Information" by someone other than the Receiving Party, the Receiving Party shall give actual written notice, by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand, or legal process, to the Designating Party.  Nothing in this paragraph shall be construed as requiring the Receiving Party or anyone else covered by this Protective Order to challenge or appeal any order requiring production of "Confidential Information" Discovery Material covered by this Protective Order or to subject such person to any penalties for non-compliance with any legal process or order, or to seek any relief from this or any Court.

11.   <u>Enforcement.</u>  Any Designating or Receiving Party seeking enforcement of this Protective Order against any other Designating or Receiving Party may petition the Court by properly noticed motion, pursuant to this Court's rules, including a concise statement of the specific relief sought.

1  IT IS SO STIPULATED.
2  DATED:                                          BARG COFFIN LEWIS & TRAPP, LLP
3
4
5                                                  By:     /s/Laura S. Bernard
                                                   Attorneys for Plaintiff
6                                                  SCHLUMBERGER TECHNOLOGY
                                                   CORPORATION, INC. and
7                                                  Third-Party Defendant
                                                   FAIRCHILD SEMICONDUCTOR
8                                                  CORPORATION

9  DATED:                                          GREBEN & ASSOCIATES
10
11                                                 By:     /s/Jeff Coyner
                                                   Attorneys for Defendants
12                                                 EAST CHARLESTON, INC. AND
                                                   PACIFIC AMERICAN MANAGEMENT
13                                                 COMPANY

14
   PURSUANT TO STIPULATION, IT IS SO ORDERED:
15

16 DATED: February 3, 2012
                                                   _____
17                                                 Hon. Lucy H. Koh

STIPULATED PROTECTIVE ORDER
Case No. C 11-02587 LHK

9
943213.1