UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION, Inc., a Texas Corporation<br><br>Plaintiff,<br>v.<br><br>EAST CHARLESTON, INC., a California Corporation; PACIFIC AMERICAN MANAGEMENT COMPANY, a California Limited Liability Corporation,<br><br>Defendants. | Case No.: 11-CV-02587-LHK<br><br>ORDER RE: SUMMARY JUDGMENT MOTIONS AND CASE MANAGEMENT CONFERENCE |

Clerk:  Martha Parker Brown
Reporter:  Lee-Anne Shortridge

Attorneys:  Tom Boer for Schlumberger Technology Corporation, Inc. ("STC") and National Semiconductor Maine, Inc. ("NSM");
Jan Greben and Brett Boon for East Charleston, Inc. ("ECI") and Pacific American Management Company ("PAMCO");
Joseph Salazar and Glenn Friedman for Travelers Casualty and Surety Company as alleged insurer of Advalloy ("Travelers");
Jon-Erik William Magnus for Great American on behalf of Advalloy ("Great American")

  A summary judgment hearing and case management conference were held on April 25, 2013 at 1:30 p.m.

  Before the Court were three motions for summary judgment: (1) PAMCO's motion for summary judgment, ECF No. 155; (2) Travelers' motion for summary judgment or partial summary judgment, ECF No. 156; and (3) STC and NSM's motion for partial summary judgment, ECF No. 161.

PAMCO's MOTION FOR SUMMARY JUDGMENT

At the hearing, Travelers represented that it had dismissed all claims against PAMCO. A stipulation of dismissal of these claims shall be filed by May 2, 2013.

For the reasons stated on the record, the Court DENIED PAMCO's motion on STC's CERCLA claims for cost recovery pursuant to CERCLA § 107(a) and contribution pursuant to CERCLA § 113(f). For the same reasons, the Court DENIED PAMCO's motion on NSM's, Travelers', and Great American's CERCLA contribution claims pursuant to CERCLA § 113(f).

Per Great American's concessions, the Court GRANTED PAMCO's motion on Great American's claim under the Carpenter-Presley-Tanner Hazardous Substance Account Act ("HSAA").

For the reasons stated on the record, the Court DENIED PAMCO's motion on Great American's common law claims for contribution, indemnification, and equitable indemnification.

TRAVELERS' SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT MOTION

For the reasons stated on the record, the Court DENIED Travelers' motion on ECI's claims for relief against Advalloy for cost recovery pursuant to CERCLA § 107(a) and contribution pursuant to CERLA § 113(f). For the same reasons, the Court DENIED Traveler's motion on ECI's claims against Advalloy for statutory contribution and indemnity under the HSAA.

Per ECI's representation that it will dismiss its negligence and negligence *per se* claims, the Court GRANTED Travelers' motion on these claims.

Per ECI's concession, the Court GRANTED Travelers motion that ECI's claims against Advalloy for continuing nuisance and continuing trespass, equitable contribution, and equitable indemnity are limited to the damages allegedly incurred by ECI in the three year period preceding the filing of ECI's third party complaint.

For the reasons stated on the record, the Court DENIED in part and GRANTED in part Travelers' motion on ECI's claims for declaratory relief against Advalloy. As stated on the record, the Court found that ECI's claims for declaratory relief survive to the extent that the underlying causes of action survive.

STC AND NSM's MOTION FOR PARTIAL SUMMARY JUDGMENT

The Court first addressed the parties' evidentiary objections. For the reasons stated on the record, the Court OVERRULED ECI and PAMCO's objection to the entire Haddad declaration, but GRANTED the motion to strike paragraph 20.

For the reasons stated on the record, the Court GRANTED in part and DENIED in part STC and NSM's request for judicial notice. The Court takes judicial notice of the documents listed in the following paragraphs of STC and NSM's Amended Request for judicial notice: 1, 2, 4, 5, 6, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 29, 30, and 38. The Court declines to take judicial notice of the documents listed in paragraphs 3, 9, 26, 27, 28, 31, 32, 33, 34, 35, 36, and 37.

As stated on the record, the Court need not reach STC's and NSM's objections to the O'Brien and Krasnoff expert reports because the Court does not rely upon these reports in ruling on the pending motions.

For the reasons stated on the record, the Court DENIED STC's motion on STC's cost recovery claims against ECI and Advalloy pursuant to CERCLA §107(a) and CERCLA § 113(f). The Court did not reach the question of joint and several liability.

Case No.: 11-CV-2587-LHK
ORDER RE: SUMMARY JUDGMENT MOTIONS AND CASE MANAGEMENT CONFERENCE

For the reasons stated on the record, the Court DENIED STC's and NSM's motion on ECI's claim for cost recovery pursuant to § 107(a).

Per PAMCO's concessions, the Court GRANTED STC's and NSM's motion on all of PAMCO's claims against STC and NSM.

Per the parties' concessions, the Court GRANTED STC's and NSM's motion on claims asserted by ECI and Advalloy pursuant to the HSAA.

Per ECI's concession, the Court GRANTED STC's and NSM's motion to limit the damages period for ECI's continuing nuisance and continuing trespass claims to three years prior to the filing of ECI's third party complaint.

For the reasons stated on the record, the Court GRANTED STC's and NSM's motion on ECI's claims of negligence and negligence per se.

Case Management Conference

The Court set an ADR deadline of May 31, 2013. The parties shall schedule an ADR session, either before Judge Whyte on May 21, 22, or 28, or with a neutral of their choosing. By May 3, 2013, the parties shall file an ADR process status report. By June 4, 2013, the parties shall file a settlement status report.

By May 2, 2013, STC and NSM shall file an opposition to ECI and PAMCO's motion for relief from Magistrate Judge Grewal's Order on ECI and PAMCO's motion to strike STC and NSM's Rule 26 disclosures. The opposition shall not exceed five pages. The hearing on the motion will be on May 16, 2013.

By May 9, 2013, the parties shall file a stipulation of dismissal with prejudice as to Great American, or Great American shall file a Certification of Interested Entities or Persons as required by Civil Local Rule 3-16.

The Case schedule is amended as follows:

STC's MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT was filed as ordered on April 25, 2013. The opposition shall be filed by May 17, 2013. The opposition shall address when STC was or should have been aware of a basis for its alter ego claims. The reply shall be filed no later than May 24, 2013.

DAUBERT MOTIONS shall be heard on May 16, 2013 at 1:30 p.m. Experts are not required to attend the hearing.

A PRETRIAL CONFERENCE will be held on June 20, 2013 at 1:30 p.m. At this hearing, the Court will address STC's motion for leave file an amended complaint, and the motions in limine that have already been filed. No further motions in limine shall be filed in this case.

BENCH TRIAL DATES are July 15, 16, 19, 22, 23, 26, and 29, from 9:00 a.m. to noon, and from 1:00 p.m. to 4:30 p.m. in courtroom 8, 4th floor. STC and NSM combined, ECI and PAMCO combined, and Travelers will have 20 minutes for opening statements and 45 minutes for closing arguments.

**IT IS SO ORDERED.**

Dated: April 26, 2013

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 11-CV-2587-LHK
ORDER RE: SUMMARY JUDGMENT MOTIONS AND CASE MANAGEMENT CONFERENCE