1
2
3
4
5
6
7

**United States District Court**
For the Northern District of California

8

## UNITED STATES DISTRICT COURT

9

### NORTHERN DISTRICT OF CALIFORNIA

10

#### SAN JOSE DIVISION

11

| | | |
|---|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION, Inc., a Texas Corporation | ) ) ) | Case No.: 11-CV-02587-LHK |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER RE: MOTION FOR RELIEF AND DAUBERT MOTIONS |
| EAST CHARLESTON, INC., a California Corporation; PACIFIC AMERICAN MANAGEMENT COMPANY, a California Limited Liability Corporation, | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

12
13
14
15
16
17
18

Clerk:  Martha Parker Brown          Attorneys:  Tom Boer and Estie Kus for Schlumberger
Reporter: Renee Mercado                                    Technology Corporation, Inc. ("STC") and
                                                                          National Semiconductor Maine, Inc. ("NSM");
                                                                          Jan Greben for East Charleston, Inc. ("ECI") and
                                                                          Pacific American Management Company
                                                                          ("PAMCO");
                                                                           Glenn Friedman for Travelers Casualty and
                                                                          Surety Company as alleged insurer of Advalloy
                                                                          ("Travelers").

19
20
21
22
23

     A hearing was held on May 16, 2013.  Before the Court were ECI and PAMCO's motion for relief from the nondispositive pretrial order of Magistrate Judge Paul Grewal ("Motion for Relief"), ECF No. 223; ECI and PAMCO's motion to exclude STC's expert testimony ("ECI/PAMCO Motion to Exclude"), ECF No. 191; and STC and NSM's motion to exclude ECI and PAMCO's expert testimony ("STC/NSM Motion to Exclude"), ECI No. 196.

24
25
26

## MOTION FOR RELIEF

27
28

     ECI and PAMCO objected to Magistrate Judge Grewal's order, ECF No. 215, to the extent that it (1) denied ECI's motion to preclude STC's affirmative use of Gordon Moore and Jay Last as witnesses; and (2) denied ECI's motion to strike the declaration of Charles Askanas.  *See* Motion for Relief.

1

A key issue in the upcoming Court trial is the scope of Fairchild's operations on the Property from 1957-1967. Evidence on this key issue is sparse at best. These individuals were with Fairchild during the relevant time period, and may shed light on this key issue. None of these witnesses have been deposed.

At the hearing, for the reasons stated on the record, the Court DENIED ECI and PAMCO's Motion for Relief from Judge Grewal's Order, finding that the disputed testimony would aid the Court as the trier of fact in the upcoming Court trial.

However, to avoid undue prejudice and surprise, to streamline the upcoming Court trial, and to minimize unnecessary evidentiary objections, the Court ORDERED that the disputed testimony would be admitted only if STC and NSM produced Moore, Last, and Askanas for depositions by June 28, 2013. Specifically, the Court ORDERED six hours of deposition for Moore, six hours of deposition for Last, and four hours of deposition for Askanas. This time shall be divided equally among counsel or as all counsel stipulate. The Court will exclude testimony and declarations from any of these witnesses who have not been deposed by June 28, 2013.

ECI/PAMCO MOTION TO EXCLUDE

ECI and PAMCO sought to exclude the testimony of STC's retained expert, Elie Haddad, to the extent that it attempted to support STC's claim of compliance with the National Contingency Plan ("NCP"). *See* ECI/PAMCO Motion to Exclude, at 1. ECI and PAMCO also sought to exclude the allocation opinions of STC's retained expert, Dr. Daniel Stephens. *Id.*

For the reasons stated on the record, the Court GRANTED in part and DENIED in part ECI and PAMCO's motion with respect to Haddad. The Court found that Haddad would not be permitted to provide conclusions at trial regarding compliance with the NCP, because he had failed to provide any basis for this conclusion in his expert report. However, the Court held that Haddad would be permitted to testify as a lay witness regarding his own actions and from his personal observations and knowledge as to the actions of Haley & Aldrich, provided that STC produces Haddad for six hours of deposition by June 28, 2013.

For the reasons stated on the record, the Court DENIED ECI and PAMCO's motion with respect to Stephens.

STC/NSM MOTION TO EXCLUDE

STC and NSM sought to exclude the testimony of ECI and PAMCO's retained expert Dr. Randall Bell in its entirety, and to exclude specific opinions offered by ECI and PAMCO's expert Peter Krasnoff. *See* STC/NSM Motion to Exclude, at 1.

For the reasons stated on the record, the Court DENIED STC and NSM's motion with respect to Bell. With respect to Krasnoff, the Court DENIED STC and NSM's motion, but ordered that by June 19, 2013, ECI and PAMCO must produce the photograph referenced in footnote 111 of Krasnoff's report as "Personal observation of photographs at the Computer History Museum, November 13, 2012."

**IT IS SO ORDERED.**

Dated: May 16, 2013

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

Case No.: 11-CV-02587-LHK
ORDER RE: MOTION FOR RELIEF AND DAUBERT MOTIONS